(20 Misc. Rep. 361.)

GEIRKE v. SCHWARTZ.

(Supreme Court, Appellate Term. May 27, 1897.)

1. TROVER AND CONVERSION—WHAT CONSTITUTES CONVERSION.
Plaintiff purchased from one H., by bill of sale, certain building materials, which were in a house in course of construction, and were being used by H. as required in the construction. Afterwards the house was sold under a mortgage, and was purchased by defendant's wife, to whom H. gave a quitclaim deed. Soon afterwards defendant discovered that some of the materials had been removed from the building, and, as agent of his wife, he brought them back and used them in the building. Neither defendant nor his wife knew of the bill of sale, but they believed that the materials passed under the grant of the premises. *Held*, that defendant was not liable to plaintiff for conversion of such materials.

2. APPEAL—THEORY OF TRIAL.
Where the mode of trial adopted by plaintiff in an action for conversion requires the trial court to find for plaintiff the whole amount claimed, or nothing, and the evidence showed that plaintiff was not entitled to recover as to a part of the claim, a judgment for defendant as to the whole claim will not be disturbed on appeal.

Appeal from First district court.

Action by Catharine Geirke against Julius Schwartz. There was a judgment in favor of defendant, and plaintiff appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

H. H. Heyman, for appellant.

M. Strassman, for respondent.

McADAM, J. It appears that one Henry Heine owned a lot of land in the Twenty-Fourth ward, on which he commenced the erection of a building. He purchased a quantity of material therefor from a firm of which the defendant was a member, and did not pay for it. It seems to have been sold to Heine in the usual course of trade, followed by delivery, so that he acquired title to it. On May 19, 1896, in consideration of $245, Heine executed a bill of sale to the plaintiff of 28 sashes, 950 feet of lumber, 1 box of nails, and 9 rolls of sheathing paper. This property was kept in the building, and used as required in its completion. On July 31, 1896, Heine, by quitclaim deed, released his interest in the property to Gertrude Schwartz, wife of the defendant, to whom the property had about that time been sold on foreclosure. After the completion of the purchase the defendant found that some of the sashes and other property had been taken from the building, and, with the assistance of the police, succeeded in recovering it, and, as the agent of his wife, restored it to the building, where it was used in its completion, as originally intended. For these acts the plaintiff brought the present action to recover $245 for conversion, and upon the trial proved that the value of the property embraced in the bill of sale to her was that sum. Part of the property so included had previously been affixed to the freehold by Heine, with the intention of making it a permanent accession thereto, and this with the implied consent of the plaintiff, and title thereto passed to the defendant's wife under the deed given upon the foreclosure sale. Things in themselves mov-

able, and having the character of personalty, such as window frames, doors, blinds, etc., may acquire that of realty by being fitted and applied to use as a part of the realty, and pass with the land by a sale thereof. Permanent erections and improvements made by the mortgagor after the execution of a mortgage upon the land become part of the realty, and are covered by the mortgage. Snedeker v. Warring, 12 N. Y. 170. And an owner of chattels which have been annexed to a freehold, though without such owner's consent, cannot recover the same from a bona fide purchaser of the building. Rooney v. Stearns, 17 Wkly. Dig. 322. Neither the defendant nor his wife had any notice of the bill of sale, or that the plaintiff made any claim to the sashes or other property enumerated in it, and in good faith believed, and purchased under the belief, that all passed by the grant of the land. Heine was allowed, after making the bill of sale, to remain in possession and control of the property as before,—a circumstance which generally marks the ownership of property. It was apparently left with him to be dealt with as he pleased, —certainly in a manner inconsistent with ownership by any one else. The plaintiff never asserted her title until the defendant restored the property to the building, and her claim then made should have been limited to the articles restored. If the plaintiff had charged the defendant with the conversion of the property not permanently affixed to the freehold, particularly specifying such portion, and putting a valuation on it apart from the rest, she might have complained of the ruling below. But she claimed judgment for the entire value of the property included in her bill of sale, whether annexed to the freehold or not, so that the justice was required by the mode of trial adopted by the plaintiff to find for all or nothing. He apparently chose the latter alternative, and found for the defendant.

Under the peculiar circumstances of this case, we think the parties ought to be held bound by the mode of trial adopted, and that the judgment should be affirmed, with costs. All concur.